CHEMUNG IRON AND STEEL COMPANY, Respondent, *v.* SMITH & HEMENWAY, INC., Appellant.

First Department, December 15, 1922.

**Sales — action by seller for breach — goods tendered and refused and subsequently sold by seller — seller must prove that goods conformed to contract in order to recover difference between contract price and price for which they were sold.**

A seller of goods cannot recover as damages for breach of the contract the difference between the contract price of the goods and the price for which he sold them after they were rejected by the buyer, without proving that the goods were made in accordance with the specifications of the contract.

APPEAL by the defendant, Smith & Hemenway, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of November, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 30th day of November, 1921, denying defendant's motion for a new trial made upon the minutes.

*Hastings & Gleason* [*A. H. Gleason* of counsel; *Charles B. McLaughlin* with him on the brief], for the appellant.

*Morrell, Bates, Topping & Anderson* [*Laurence A. Anderson* of counsel], for the respondent.

FINCH, J.:

The action is brought to recover damages for the breach of certain contracts made between the plaintiff and the defendant for the purchase and sale of certain steel rods. Plaintiff alleges an anticipatory breach by the defendant, and the jury, by its finding, have sustained the plaintiff. The only question on this appeal arises from the measure of damages. Plaintiff seeks to allege five causes of action. In the first, second, fourth and fifth, plaintiff alleges a tender of a portion of the steel and its rejection by defendant, and then seeks to recover as its damage the difference between what it sold this steel for and the contract price without showing that the steel sold was in accordance with the contract between the plaintiff and the defendant. If plaintiff had relied only upon the anticipatory breach and had only sought the difference between the contract and market prices, it would not have been necessary for the plaintiff to have shown that it completed the steel in accordance with the contract specifications (*Krauter* v. *Simonin*, 274 Fed. Rep. 791), but it would have been entitled to recover the difference between the contract price and the market value of the steel. (Pers. Prop. Law, § 145, as added

by Laws of 1911, chap. 571.) When, however, plaintiff did not adopt this measure of damage but sought to rely for its damage upon the sale of a portion of the steel and sought to prove as its damage the difference between what it received from said sale of this steel so tendered and the contract price, it then became necessary for plaintiff to show that this steel was made in accordance with the specifications of the contract. (*Pollen* v. *LeRoy*, 30 N. Y. 549.)

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.