L. B. FOSTER COMPANY, INC., Respondent, v. HUGH C. FOX and Another, Appellants.

Supreme Court, Appellate Term, First Department, April 14, 1925.

Sales — remedies of buyer — action to recover damages upon defendants' refusal to accept goods — rejected goods sold as junk — exclusion of evidence showing goods sold as junk did not comply with contract description, error — judgment for plaintiff reversed.

In an action by the seller to recover damages upon the buyers' refusal to accept goods, it is reversible error to exclude evidence offered by the defendants indicating that the goods, which the seller claimed it resold at a loss as junk, did not comply with the contract description of the merchandise; and, therefore, a judgment for the plaintiff, upon a directed verdict, should be reversed.

APPEAL by defendants from a judgment of the City Court of the City of New York entered upon a directed verdict in favor of plaintiff.

J. Stacey Brown [Nathaniel S. Corwin of counsel], for the appellants.

Truesdale, Nicoll, Falk & Gale [Joseph R. Truesdale and Edwin A. Falk of counsel], for the respondent.

PER CURIAM:

Plaintiff contracted to sell to defendants 750 size " A " Reading Rerailers. Deliveries were in installments; two installments were accepted and paid for. Defendants refused to specify deliveries for the third installment and plaintiff, claiming that there was no market, sold the implements as junk.

The burden, therefore, rested upon plaintiff to prove that the articles which it so resold complied with the description of the contract. (Chemung Iron & Steel Co. v. Smith & Hemenway, Inc., 203 App Div. 624.) There was no proof to this effect in plaintiff's case in chief, for plaintiff's witness testified that there was a different size, known as size " A–2," and that he was unable to tell whether the sample in court was a size " A " or size " A–2 " rerailer (unless he weighed it), size " A " being heavier by a fixed amount than size " A–2." Defendants then showed that the weight of the rerailers which were sold for junk did not correspond with the weight of size " A " rerailers. They also offered evidence of the original manufacturer that no size " A " rerailers had been made for the United States government. It had been conceded that plaintiff had purchased these rerailers from the government. The exclusion of this testimony was clearly error. There was thus affirmative proof that the rerailers did not comply with the con-

tract description and the exclusion of evidence which tended further to corroborate this claim.   Acceptance by the vendee of size " A–2 " rerailers under the two prior installment deliveries in nowise affected the vendor's obligation to deliver size " A " rerailers as the third installment. (*Cahen* v. *Platt,* 69 N. Y. 348; 2 Williston Sales [2d ed.], § 467d.)

The judgment must, therefore, be reversed, with costs, and the complaint dismissed, with costs.

All concur; present, BIJUR, MITCHELL and MAHONEY, JJ.