L. B. FOSTER COMPANY, INC., Appellant, *v.* HUGH C. FOX and Another, Copartners Doing Business under the Firm Name and Style of FOX BROTHERS & COMPANY, Respondents.

First Department, February 5, 1926.

Sales — action by seller to recover for breach by buyer — **buyer failed to give shipping instructions for third shipment of car rerailers — rerailers not in common use and not readily salable — plaintiff notified defendant that in absence of shipping instructions it would resell rerailers as such or as scrap — error to reverse judgment for plaintiff on ground that rerailers sold for scrap were not included in contract — questions for jury whether articles sold were included in contract, whether price was reasonable, and method of sale proper.**

In an action against a buyer of car rerailers to recover damages for breach of a contract of sale based on the failure of the buyer to give shipping instructions for the last of three shipments, in which it appears that the plaintiff after repeated efforts to procure shipping instructions, notified the defendant that it would sell the rerailers as such or, if it were impossible to do so, it would sell them as scrap and that rerailers were not readily salable in the market, it was error for the court to reverse a judgment of the lower court in favor of the plaintiff on the ground that the rerailers sold by the plaintiff as scrap were not the same as those included in the contract.

Questions of fact were presented for the jury as to whether or not the articles sold as scrap were the kind included in the contract, whether the price received was reasonable, and whether the method of sale was proper.

APPEAL by the plaintiff, L. B. Foster Company, Inc., from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 14th day of April, 1925, reversing a judgment of the City Court of the City of New York in favor of the plaintiff.

*Truesdale, Nicoll, Falk & Gale* [*Edwin A. Falk* of counsel], for the appellant.

*J. Stacey Brown* [*Nathaniel S. Corwin* of counsel], for the respondents.

McAVOY, J.  A verdict was directed at the trial in the City Court in favor of the plaintiff in the sum of over $1,400.  At the Appellate Term this judgment was reversed and the complaint dismissed.

The action was brought upon a written contract for the sale by the plaintiff to the defendant of 750 pairs of car replacers or rerailers as they are indifferently termed.  These devices are used to replace upon a railroad track a locomotive or car which has become derailed.  They are, therefore, not in common use and not readily capable of resale in any market.  The contract provided that the

28

replacers were to have been delivered by plaintiff in three installments of 250 pairs each. They were described in that contract as "Reading Size 'A.'" The evidence shows that the first two installments were delivered to the defendants and paid for, and that defendants retained these first two installments without complaint or reference to plaintiff of any request for change of any kind in their size, weight or otherwise.

The cause of action is for the failure of defendants to give any shipping instructions to plaintiff for the third installment, the contract providing that this installment was to have been shipped during February upon receipt of defendants' shipping instructions sometime within that month. There were no shipping instructions given in February, March, April or May, although, during that period, the plaintiff repeatedly requested the defendants to give such shipping instructions. On April sixteenth the plaintiff wrote to the defendants that, if they did not furnish shipping instructions for the third installment by April twentieth, the plaintiff would sell the replacers for the best price it could obtain and would charge defendants for any loss sustained in the transaction. The defendants replied to this letter on April seventeenth in which they stated that they hoped to be able to give shipping instructions "not later than Tuesday or Wednesday of the coming week." In plaintiff's reply letter it extended the time within which it would wait for shipping instructions until April twenty-fifth, but none were forthcoming, and on April twenty-seventh it wrote that this was its final letter on this subject and that it was going to give defendants until Monday, April thirtieth, for instructions, and unless it heard from the defendants by that time it said it would offer the car replacers to the trade, and if unable to sell them to the trade, it would break them up for scrap and charge defendants with the loss on a sale of such scrap. Plaintiff endeavored to sell the replacers in open market but, finding none available for this class of goods, sold them for scrap and then brought this action to recover the difference between the sum received on the sale and the contract price.

The trial justice in the City Court directed a verdict for the plaintiff for the amount of the damages. The Supreme Court at Appellate Term reversed this judgment and dismissed the complaint upon the ground, as appears from the opinion, that the proof at the trial did not show that the replacers which plaintiff sold for scrap were identical with the replacers which it had contracted to deliver to the defendants. That court said in its opinion: "Acceptance by the vendee of size 'A-2' rerailers under the two prior installment deliveries in no wise affected the vendor's obligation to deliver size 'A' rerailers as the third installment" (124 Misc. 740, citing

authorities). There was nothing in the proof to show that the description in the contract of size "A" rerailers excluded from its scope size "A-2" and included only size "A" or "A-1." It was also an unwarranted conclusion from the evidence that the replacers sold as scrap upon the defendants' failure to give shipping instructions were not size "A." The plaintiff's vice-president testified expressly that the rerailers were size "A." The proof in the record does not present any serious dispute as to the fact that the rerailers sold were identical with the rerailers shipped under the first and second installment, and accepted by the defendants. But even if it did there was no warrant for dismissing the complaint in view of the testimony of plaintiff's vice-president that the article which he was trying to sell was a " Reading Size 'A' " rerailer.

To adopt the fine-spun theory of the defendants that plaintiff's witness was referring to an article which he was " trying to sell " rather than an article which he actually sold, would be to exalt niceties of language over the obvious intent of the narrator, as indicated in the testimony. We conclude, however, that the determination setting aside the directed verdict was correct, because the trial court should have submitted to the jury certain of the questions of fact suggested in defendants' motion to go to the jury, to wit, whether the articles sold as scrap were the articles for which the defendants failed to give shipping instructions to plaintiff, whether the price obtained was reasonable and thus the amount of the claimed damages a proper sum, and also whether the method of conduct of the sale was such as to procure a reasonable price.

The determination of the Appellate Term should, therefore, be modified by directing a new trial, with costs to the appellant in all courts to abide the event.

CLARKE, P. J., DOWLING, MERRELL and BURR, JJ., concur.

Determination modified by directing a new trial, with costs to appellant in all courts to abide the event.